IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY M. WILLIAMS,** : | **CIVIL NO. 1:CV-02-2320** |
| **Plaintiff** : | |
| v. : | |
| **DR. JOSEPH KORT,** : | |
| SCI-Coal Township; : | |
| **KAREN OHLER DOE,** : | |
| SCI-Somerset; : | |
| **DR. BAKER, SCI-Albion;** : | |
| **and BRADLEY LORAH,** : | |
| SCI-Coal Township, : | |
| **Defendants** : | |

## M E M O R A N D U M

Before the court is Plaintiff's motion for reconsideration. (Doc. 111.) The parties have briefed the issues, and the matter is ripe for disposition. For the reasons stated below, the court will deny Plaintiff's motion for reconsideration.

**I.     Background**

The facts are well known to both parties; therefore, the court will not recite the facts. On April 6, 2005, the court granted in part and denied in part Defendants' motion to dismiss or in the alternative for summary judgment. Specifically, the court granted Defendants' motion for summary judgment with respect to Defendants Kort and Baker and the court granted Defendants' motion to dismiss Defendants Ohler and Lorah. The court denied Defendants' motion to dismiss or in the alternative for summary judgment with respect to Plaintiff's state medical malpractice claim. On April 28, 2005, Plaintiff filed the instant motion for reconsideration.

## II.      Legal Standard: Motion for Reconsideration

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry. *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). " 'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.' " *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 U.S. Dist. LEXIS 20813, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (citations and internal quotation marks omitted)). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. Finally, reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**III.**         **Discussion**

A motion for reconsideration is not to give a litigant a second bite of the apple to reargue his position.  In Plaintiff's instant motion he attempts to restate the arguments he presented in opposition to Defendants' motion to dismiss or in the alternative for summary judgment.  However, Plaintiff fails to articulate any new evidence that would warrant a change in the court's ruling.  Additionally, Plaintiff does not point to any new law that supports his position.  The court sees no reason to reconsider the sound legal ruling provided in its April 6, 2005 memorandum and order.  Moreover, the court sees no reason to rearticulate the rationale behind its April 6, 2005 memorandum and order.  The court will deny Plaintiff's motion for reconsideration.

**IV.**         **Conclusion**

In accordance with the foregoing discussion, the court will deny Plaintiff's motion for reconsideration.  An appropriate order will issue.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated:  May 24, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY M. WILLIAMS,** | : | **CIVIL NO. 1:CV-02-2320** |
| **Plaintiff** | : | |
| v. | : | |
| **DR. JOSEPH KORT, SCI-Coal Township; KAREN OHLER DOE, SCI-Somerset; DR. BAKER, SCI-Albion; and BRADLEY LORAH, SCI-Coal Township,** | : | |
| **Defendants** | : | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (doc. 111) is **DENIED.**

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: May 24, 2005.