IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY M. WILLIAMS,** : | **CIVIL NO. 1:CV-02-2320** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **DR. JOSEPH KORT,** : | |
| **SCI-Coal Township;** : | |
| **KAREN OHLER DOE,** : | |
| **SCI-Somerset;** : | |
| **DR. BAKER, SCI-Albion;** : | |
| **and BRADLEY LORAH,** : | |
| **SCI-Coal Township,** : | |
| : | |
| **Defendants** : | |

# **M E M O R A N D U M**

Before the court is Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 135) and Defendants' second motion for summary judgment (Doc. 141). The parties have briefed the issues and the matters are ripe for disposition. For the reasons that follow, the court will grant Plaintiff's motion and deny Defendants' motion.

The history of this case is well known to both parties and the court need not recite the facts in-depth. At issue before the court is whether Plaintiff is required

to file a certificate of merit pursuant to Pa.R.C.P. 1042.3[1] and whether Defendants are entitled to summary judgment.

## I. **Plaintiff's Rule 60(b) Motion**

On April 6, 2005, the court granted in part and denied in part Defendants' motion to dismiss or in the alternative for summary judgment. (*See* Docs. 103, 104.)  Following the court's April 6, 2005 order, the only issue remaining in the case was Plaintiff's pendent state medical malpractice claim.  On April 7, 2005, Defendants filed a praecipe for entry of judgment non pros pursuant to

---

[1]Rule 1042.3 provides that

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm or (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. 1042.3.

Pa.R.C.P. 1042.6.[2]  (Doc. 105.)  The court denied Defendants' praecipe; however, the court issued an order requiring Plaintiff to file a certificate of merit.  (Doc. 106.)

On September 29, 2005, Plaintiff filed a Rule 60(b) motion arguing that he should not be required to file a certificate of merit.  (Doc. 135.)  Specifically, Plaintiff asserts that the Pennsylvania Rule of Civil Procedure certificate of merit requirement was enacted after Plaintiff filed his complaint and that the certificate of merit requirement is not retroactively applicable.  On October 14, 2005, Defendants filed a response to Plaintiff's Rule 60(b) motion.  (Doc. 139.)  Defendants do not disagree that the certificate of merit requirement was enacted after Plaintiff filed his complaint; however, Defendants argue that the requirement should be applied retroactively.  The court disagrees with Defendants.  Plaintiff will not be required to file a certificate of merit.  However, for reasons that will follow, the court finds that expert testimony will be required if this case proceeds to trial.  Thus, Plaintiff will be required to file an expert report.

## II. <u>Defendants' Motion for Summary Judgment</u>

As stated, the only remaining issue in this case is Plaintiff's pendent state medical malpractice claim.  On October 28, 2005, Defendants filed a second motion for summary judgment.  (Doc. 141.)  Defendants argue that summary judgment should be granted because Plaintiff has failed to present expert testimony

---

[2]Rule 1042.6. provides in relevant part that

> [t]he prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate.

Pa.R.C.P. 1042.6.

3

to support his state medical malpractice claim.  In response, Plaintiff asserts that Defendants' motion should be denied because the time for filing an expert report has not yet expired.  Additionally, Plaintiff argues that he need not produce an expert witness to support his state medical malpractice claims.

The court agrees in part and disagrees in part with Plaintiff.  The court finds that summary judgment should not be entered at this stage.  There has been no date set for the production of an expert report; thus, summary judgment based on Plaintiff's failure to produce expert testimony would, at this time, be improper.  However, the court finds that Plaintiff's state medical malpractice claim will require expert testimony.  "A plaintiff is . . . required to present an expert witness who will testify, to a reasonable degree of medical certainty, that the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered."  *Mitzelfelt v. Kamrin*, 584 A.2d 888, 892 (Pa. 1990) (citing *Brannan v. Lakenau Hospital*, 417 A.2d 196 (Pa. 1980)).

Plaintiff argues that his state medical malpractice claim can be sustained on a theory of res ipsa loquitur and that he need not provide expert testimony. Plaintiff is incorrect. Plaintiff cites to *Jones v. Harrisburg Polyclinic Hospital*, 437 A.2d 1134 (Pa. 1981) in support of his position.  The *Jones* Court stated that "[e]xpert medical testimony only becomes necessary when there is no fund of common knowledge from which laymen can reasonably draw the inference or conclusion of negligence."  *Id.* at 1138.  Because the issues in the instant case are nuanced, the court cannot expect laypeople to make reasonable conclusions without the aid of expert medical testimony.  There is no "fund of common knowledge" with respect to issues such as when is a doctor negligent for failing to provide an MRI or

what constitutes a negligent diagnosis of a meniscus tear. These issues must be addressed by an expert. Accordingly, pursuant to Federal Rule of Civil Procedure 26(a)2 Plaintiff must produce an expert report.[3]

### III.    Conclusion

In accordance with the foregoing discussion, the court will grant Plaintiff's Rule 60(b) motion and deny Defendants' motion for summary judgment. The court finds that Plaintiff need not file a certificate of merit; however, expert testimony will be necessary if this case proceeds to trial. Thus, Plaintiff must produce an expert report. Failure by Plaintiff to produce an expert report within the time period set forth in the accompanying order will result in the dismissal of Plaintiff's pendent state medical malpractice claim. An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  December 8, 2005.

---

[3] Federal Rule of Civil Procedure 26 provides for the filing of expert reports.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY M. WILLIAMS,** : | **CIVIL NO. 1:CV-02-2320** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **DR. JOSEPH KORT,** : | |
| **SCI-Coal Township;** : | |
| **KAREN OHLER DOE,** : | |
| **SCI-Somerset;** : | |
| **DR. BAKER, SCI-Albion;** : | |
| **and BRADLEY LORAH,** : | |
| **SCI-Coal Township,** : | |
| : | |
| **Defendants** : | |

## O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 135) is **GRANTED**. Plaintiff is not required to file a certificate of merit.

2) Defendants' motion for summary judgment (Doc. 141) is **DENIED**.

3) Plaintiff shall submit an expert report no later than February 27, 2006. Failure by Plaintiff to submit an expert report shall result in the dismissal of Plaintiff's case.

4) Jury selection and trial in the captioned case will begin on May 4, 2006 at 1:30 p.m. in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.

5) The Clerk of Court shall send to Plaintiff a copy of this court's "Pretrial Memorandum" form.

6) No later than April 14, 2006, the parties shall file pretrial memoranda in accordance with the local rules of this court.  Plaintiff shall also file *in camera* with the court an addendum to his pretrial memorandum indicating the name and substance of the testimony of each witness he intends to call.  Plaintiff is to note that *"in camera"* refers to the fact that the court will not disclose his witness list and proposed witness testimony.  **Failure to timely file pretrial memoranda or the required addendum may result in sanctions, including dismissal**.

7)  If the parties file trial memoranda, they must be filed five (5) business days before trial.

8)  Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary.  Notice to such Clerk's Office before 5:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

                                                                    s/Sylvia H. Rambo
                                                                    SYLVIA H. RAMBO
                                                                    United States District Judge

Dated:  December 8, 2005.