IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY M. WILLIAMS,** | : | **CIVIL NO. 1:CV-02-2320** |
| **Plaintiff** | : | |
| **v.** | : | |
| **DR. JOSEPH KORT,** **SCI-Coal Township;** **KAREN OHLER DOE,** **SCI-Somerset;** **DR. BAKER, SCI-Albion;** **and BRADLEY LORAH,** **SCI-Coal Township,** | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Before the court is Plaintiff's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (Doc. 149.)  Plaintiff's motion requests the court to set aside its April 6, 2005 order that granted Defendants' motion for summary judgment on Plaintiff's Eighth Amendment claims.[1]  For the reasons that follow, Plaintiff's motion will be denied.

Rule 60(b) provides for relief from judgment because of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud.  Relief under Federal Rule 60(b)(6) "is available only in cases evidencing extraordinary circumstances."  *Reform Party of Allegheny County v. Dept. of Elections*, 174 F.3d 305, 311 (3d. Cir. 1999) (quoting *Martinez-McBean v. Government of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977)).  Furthermore, "intervening developments in the law by themselves rarely constitute the extraordinary circumstances required

---

[1]The history of this case is well known to all parties, and the court will not recite the facts.

for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 238 (1997).

Plaintiff's motion relies upon pages 11-16 of a booklet Plaintiff refers to as "Questions and Answers [A]bout Knee [P]roblems." (Pl.'s 60(b) Motion at 1; Pl.'s Ex. A.) Plaintiff alleges that he just received said booklet and was not able to procure said booklet at an earlier time. Presumably Plaintiff seeks to assert that said booklet qualifies as newly discovered evidence.[2] While newly discovered evidence may form the basis of a Rule 60(b) motion, Rule 60(b) requires that the moving party has acted with due diligence.[3] While the court is cognizant that Plaintiff is in prison and proceeding *pro se*, the court is not convinced that Plaintiff has acted with the required due diligence. Specifically, this case has been ongoing for over three years. In that time, Plaintiff could have, through due diligence, acquired said booklet or information relevant to knee injuries.

Regardless, the court will deny Plaintiff's motion. Plaintiff's "new evidence" is a booklet about knee injuries and their treatment. As he has previously argued, Plaintiff alleges that Defendants failed to acceptably treat his knee injury. Plaintiff relies upon said booklet to support his position. As provided in the memorandum accompanying the April 6, 2005 order, the court will not substitute its judgment for the judgment of medical professionals. It is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights. *Brown v. Borough of Chambersburg*, 903 F.2d 274,

---

[2]The court notes that Plaintiff does not specify upon what provision of Rule 60(b) he seeks to base his motion.

[3]Specifically Rule 60(b) provides that the court may set aside its ruling if there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ."

278 (3d Cir. 1990); *see also White v. Napoleon*, 897 F.2d 103, 109, 110 (3d Cir. 1990) ("There may, for example, be several acceptable ways to treat an illness."). Moreover, a disagreement between Plaintiff and Defendants as to his diagnosis and treatment does not constitute deliberate indifference. *Boring v. Kozakiewicz*, 833 F.2d 468, 4 73 (3d Cir. 1987). Even if the Defendants' actions amounted to negligence, it does not constitute deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Plaintiff's arguments based on the "new evidence" echo the same arguments he presented in opposition to Defendants' motion for summary judgment. Essentially Plaintiff disagrees with the medical professionals as to the medical care he received; however, as previously stated in the April 4, 2005 memorandum and order, Plaintiff fails to allege a violation of his Eighth Amendment rights. Accordingly, Plaintiff's motion will be denied with respect to this issue.

Finally, Plaintiff also seeks to challenge the court's April 4, 2005 memorandum and order based on his allegation that the court failed to properly consider his arguments and relevant Supreme Court precedent. With respect to Plaintiff's instant argument, the court notes that "a Rule 60(b) motion 'may not be used as a substitute for an appeal, and that legal error, without more' does not warrant relief under that provision. . . ." *U.S. v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988)). The court finds that Plaintiff's argument lacks merit; however, the court need not address its merits because it is not properly brought under a Rule 60(b) motion. Accordingly, Plaintiff's motion will be denied with respect to this issue.

For the foregoing reasons, Plaintiff's Rule 60(b) motion will be denied. An appropriate order will issue.

                                 s/Sylvia H. Rambo
                                   SYLVIA H. RAMBO
                                   United States District Judge

Dated:  December 13, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ANTHONY M. WILLIAMS,**          :          **CIVIL NO. 1:CV-02-2320**
                                  :
     **Plaintiff**          :
                                  :
    **v.**          :
                                  :
**DR. JOSEPH KORT,**          :
**SCI-Coal Township;**          :
**KAREN OHLER DOE,**          :
**SCI-Somerset;**          :
**DR. BAKER, SCI-Albion;**          :
**and BRADLEY LORAH,**          :
**SCI-Coal Township,**          :
                                  :
    **Defendants**          :

## O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY**

**ORDERED THAT** Plaintiff's motion pursuant to Federal Rule of Civil Procedure

60(b) is **DENIED.**

                       s/Sylvia H. Rambo
                       SYLVIA H. RAMBO
                       United States District Judge

Dated:  December 13, 2005.