IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY M. WILLIAMS,** | : | **CIVIL NO. 1:CV-02-2320** |
| **Plaintiff** | : | |
| **v.** | : | |
| **DR. JOSEPH KORT,**<br>**SCI-Coal Township;**<br>**KAREN OHLER DOE,**<br>**SCI-Somerset;**<br>**DR. BAKER, SCI-Albion;**<br>**and BRADLEY LORAH,**<br>**SCI-Coal Township,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

Before the court is Plaintiff's motion for reconsideration.  (Doc. 151.)
The parties have briefed the issue and the matter is ripe for disposition.  For the
reasons that follow, the court will deny Plaintiff's motion.

I.          **History**

The facts are well known to the parties, and the court need not recite the
facts in detail.  Relevant to the instant motion are the following facts.  On April 6,
2005, the court granted in part and denied in part Defendants' motion to dismiss or in
the alternative for summary judgment.  (Docs. 103, 104.)  Following the court's
April 6, 2005 order, the only issue remaining is Plaintiff's pendent state medical
malpractice claim.  On December 8, 2005, the court issued an order (Doc. 148),
providing that Plaintiff was no longer required to file a certificate of merit pursuant
to Pa. R.C.P. 1042.3; however, the court ordered Plaintiff to file an expert report no
later than February 27, 2006.  Plaintiff's instant motion seeks to have the court

reconsider its December 8, 2005 order.  Specifically, Plaintiff contends that he should not be required to file an expert report with respect to Defendant Baker. Defendants filed a brief in opposition on December 20, 2005 (Doc. 156), and Plaintiff filed a reply brief on January 12, 2006 (Doc. 158).

## II.        Legal Standard: Motion for Reconsideration

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.  *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations and internal quotation marks omitted).  Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to

2

the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. Finally, reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## III.        Discussion

Plaintiff's motion for reconsideration asserts that the court made a manifest error of law or fact. Plaintiff's position is that the court erred by extending the expert report requirement to his claims against Defendant Baker. Plaintiff alleges that Defendant Baker cancelled his surgery for non-medical reasons; thus, according to Plaintiff, an expert report is not needed and Plaintiff may assert his case against Defendant Baker under a theory of *res ipsa loquitur.*[1]

Plaintiff's argument is incorrect. As the court noted, "[a] plaintiff is . . . required to present an expert witness who will testify, to a reasonable degree of medical certainty, that the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered." *Mitzelfelt v. Kamrin*, 584 A.2d 888, 892 (Pa. 1990) (citing *Brannan v. Lakenau Hospital*, 417 A.2d 196 (Pa. 1980)). (Doc. 148 at 4.) Additionally, the

---

[1]The relevant facts with respect to Defendant Baker are as follows. On January 23, 2002, Plaintiff was seen as a new inmate at SCI-Albion. Plaintiff was seen by Defendant Baker on several occasions between February 2002 and March of 2002. On March 25, 2002, Defendant Baker ordered a consult with an orthopedic specialist. In April of 2002, Plaintiff was seen by an orthopedic specialist who ordered an MRI. The MRI revealed a meniscus tear in Plaintiff's right knee. Defendant Baker ordered additional consultations with the orthopedic specialist. Plaintiff was scheduled to have surgery to repair the meniscus tear in October of 2002. However, Plaintiff's surgery was rescheduled at the request of security after Plaintiff was in an altercation with a prison guard. Plaintiff's surgery was conducted in March of 2003.

court points to *Hamil v. Bashline,* 392 A.2d 1280, 1285 (Pa. 1978) which provides that

> the law requires that expert medical testimony be employed. In addition to its bearing on whether or not the defendant's conduct was negligent, such testimony is needed to establish that the injury in question did, with a reasonable degree of medical certainty, stem from the negligent act alleged.

Thus, it is well settled that Plaintiff must produce an expert that not only identifies the conduct as negligent, but also that the conduct was the proximate cause of harm.  While the court reserves a decision as to whether Defendant Baker's actions were negligent under Pennsylvania state law, Plaintiff must establish that Defendant Baker's actions were the proximate cause of the harm allegedly suffered by Plaintiff.  Thus, even if Plaintiff can show that Defendant Baker cancelled Plaintiff's surgery for a non-medical reason, he will still need to rely upon a medical expert to show that the conduct was the proximate cause of Plaintiff's alleged harm.

Moreover, the issues in this case are too complex to rely upon a theory of *res ipsa loquitur.*  As stated by the court in its December 8, 2005 memorandum: "[T]he issues in the instant case are nuanced, the court cannot expect laypeople to make reasonable conclusions without the aid of expert medical testimony." (Doc. 148 at 4.)  Put simply, Plaintiff will need an expert to establish that cancellation of his elective surgery was a proximate cause of his alleged knee injuries.  There is no "fund of common knowledge" by which laypersons can establish that Defendant Baker is the proximate cause of Plaintiff's alleged injuries.  *Jones v. Harrisburg Polyclinic Hospital*, 437 A.2d 1134, 1138 (Pa. 1981).

4

**IV.**          **Conclusion**

        Plaintiff cannot meet his burden under the aforementioned standard for reconsideration.  Plaintiff fails to point to any manifest error of law or fact; thus, Plaintiff's motion for reconsideration will be denied.

        Finally, the court notes that Plaintiff's motion for reconsideration only implicates his claims against one of the Defendants.  Plaintiff has not been excused from obtaining an expert report by February 27, 2006 with respect to the remaining Defendants.  The court will not excuse Plaintiff from obtaining an expert report with respect to Defendant Baker within the relevant deadline.  Accordingly, the February 27, 2006 deadline for Plaintiff to produce an expert report remains in effect.  An appropriate order will issue.

                                 s/Sylvia H. Rambo
                                 SYLVIA H. RAMBO
                                 United States District Judge

Dated:  January 25, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY M. WILLIAMS,** | : | **CIVIL NO. 1:CV-02-2320** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DR. JOSEPH KORT,** | : | |
| **SCI-Coal Township;** | : | |
| **KAREN OHLER DOE,** | : | |
| **SCI-Somerset;** | : | |
| **DR. BAKER, SCI-Albion;** | : | |
| **and BRADLEY LORAH,** | : | |
| **SCI-Coal Township,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

In accordance with the foregoing memorandum of law, **IT IS HEREBY**
**ORDERED THAT:**

1) Plaintiff's motion for reconsideration (Doc. 151) is **DENIED**.

2) All relevant deadlines remain in effect.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  January 25, 2006.