IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY M. WILLIAMS,** | : | **CIVIL NO. 1:CV-02-2320** |
| **Plaintiff** | : | |
| v. | : | |
| **DR. JOSEPH KORT,** SCI-Coal Township; **KAREN OHLER DOE,** SCI-Somerset; **DR. BAKER, SCI-Albion;** and **BRADLEY LORAH,** SCI-Coal Township, | : | |
| **Defendants** | : | |

# <u>M E M O R A N D U M</u>

Before the court is Defendants' motion to dismiss.  (Doc. 162.)  Also before the court is Plaintiff's "Motion Seeking Additional Orders."  (Doc. 157.)  The parties have briefed the issues and for the reasons that follow, the court will grant Defendants' motion and deny Plaintiff's motion.

**I.**     **<u>Background</u>**

The facts of this case are well known to both parties and the court will not repeat them in detail.  Following the court's April 6, 2005 ruling on Defendants' motion to dismiss or in the alternative for summary judgment (Doc. 92), the only issue remaining in this case is Plaintiff's pendant state law claim based upon medical malpractice that allegedly occurred while Plaintiff was incarcerated.  (*See* Docs. 103, 104.)

On April 7, 2005, Defendants filed a praecipe for entry of judgment non pros pursuant to Pa. R. Civ. P. 1042.6.[1] (Doc. 105.) The court denied Defendants' praecipe; however, the court issued an order requiring Plaintiff to file a certificate of merit in accordance with Pa. R. Civ. P. 1042.6. (Doc. 106.)

On September 29, 2005, Plaintiff filed a Rule 60(b) motion arguing that he should not be required to file a certificate of merit. (Doc. 135.) On December 8, 2005, the court granted Plaintiff's Rule 60(b) motion and provided that Plaintiff was no longer required to file a certificate of merit; however, Plaintiff was required to file an expert report by February 27, 2006. (Doc. 148.)

On December 8, 2005, Plaintiff filed an additional Rule 60(b) motion (Doc. 149), which the court denied on December 13, 2005. (Doc. 150.) On December 20, 2005, Plaintiff filed a motion for reconsideration of the court's December 8, 2005 order requiring Plaintiff to file an expert report with respect to Defendant Baker. (Doc. 151.) The court denied Plaintiff's motion for reconsideration and provided that

> Plaintiff's motion for reconsideration only implicates his claims against one of the Defendants. Plaintiff has not been excused from obtaining an expert report by February 27, 2006 with respect to the remaining Defendants. The court will not excuse Plaintiff from obtaining an expert report with respect to Defendant Baker within the relevant deadline. Accordingly, the February 27, 2006 deadline for Plaintiff to produce an expert report remains in effect.

(Doc. 159 at 5.)

---

[1] Rule 1042.6. provides in relevant part that

> [t]he prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate.

Pa. R. Civ. P. 1042.6.

**II.       Discussion**

        **A.       Plaintiff's Motion for Additional Orders**

Plaintiff is proceeding *pro se*, and his motion seeking additional orders requests that the court: (1) order the Pro Bono Panel of the Middle District Chapter of the Federal Bar Association (hereinafter "the Pro Bono Panel") to appoint an orthopedic doctor to help Plaintiff file an expert report; (2) order the Department of Corrections ("DOC") to provide Plaintiff with a private room and his complete medical file so that Plaintiff and the requested Pro Bono Panel appointed doctor may view said file; (3) request that the Eastern District Clerk of Court to attempt to locate a pro bono attorney for Plaintiff; and (4) schedule a teleconference with all parties.

With respect to Plaintiff's request that the court order the Pro Bono Panel to appoint Plaintiff a medical expert, the court has already requested the Pro Bono Panel to review Plaintiff's case and his medical records (*see* Docs. 117, 123, 128); however, the Pro Bono Panel has declined to provide Plaintiff with legal representation or a medical expert (*see* Doc. 134). The court will not second guess the professional opinion of the volunteer attorney and volunteer physician who reviewed Plaintiff's case. As stated in previous court orders, Plaintiff is not constitutionally entitled to an attorney or a medical expert in a civil case. (*See* Docs. 71, 116, 133.)[2] Therefore, the court will deny Plaintiff's first request.

With respect to Plaintiff's request that the court order the DOC to provide Plaintiff with his medical file and a room so that he may view his medical file with the requested Pro Bono Panel doctor, the court finds that this request is moot. As stated, the court will not provide Plaintiff with an medical expert and the Pro Bono Panel has decided not to appoint a medical expert for Plaintiff; therefore,

---

[2]The court analyzed Plaintiff's request for counsel under the standard enumerated in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). (*See* Doc. 71.)

there is no doctor to review Plaintiff's medical files with Plaintiff even if the court were to issue the requested order. Furthermore, the court notes that a volunteer attorney and a volunteer physician have already reviewed Plaintiff's medical records. (*See* Docs. 123, 134.) The court will deny Plaintiff's request with respect to this issue.

The court will deny Plaintiff's request that the court request the Eastern District Clerk of Court to attempt to find counsel for Plaintiff. As stated, the court has attempted to provide counsel for Plaintiff through the Middle District Pro Bono Panel; however, the Pro Bono Panel has declined to provide Plaintiff with legal representation or a medical expert. Plaintiff's case is in the Middle District not in the Eastern District and the court will not request the Eastern District to provide Plaintiff with counsel.

Finally, the court will deny Plaintiff's request for a telephonic conference. There is nothing presently pending before the court in this case that cannot be dealt with through written motions and supporting briefs.

In sum, the court will deny Plaintiff's motion requesting additional orders.

### B. Defendants' Motion to Dismiss

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to . . . comply with . . . any order of court, a defendant may move for a dismissal of an action . . . ." Defendants' motion to dismiss asserts that Plaintiff has failed to conform with the court's December 8, 2005 order, which ordered Plaintiff to file an expert report no later than February 27, 2006. Accordingly, Defendants request that the court dismiss Plaintiff's remaining pendant state law claim.

The court agrees with Defendants. Plaintiff has had from December 8, 2005 until February 27, 2006 to file an expert report. As provided in the court's

December 8, 2005 order (Doc. 148), failure to provide the court with an expert report will result in the dismissal of Plaintiff's case.  The court notes that on January 25, 2005, Plaintiff was again warned of the February 27, 2005 deadline.  (Doc. 159.) Plaintiff has failed to provide the court with an expert report.  Moreover, Plaintiff has not requested an extension of time.  The court notes that Federal Rule of Civil Procedure 41(b) provides that "a dismissal under this subdivision . . . operates as an adjudication upon the merits."  Accordingly, the court will dismiss Plaintiff's remaining pendant state law claim with prejudice.

**III.**          **Conclusion**

In accordance with the foregoing discussion, the court will deny Plaintiff's motion for additional orders and grant Defendants' motion to dismiss Plaintiff's remaining pendant state law claims.  An appropriate order will issue.

                                                                    s/Sylvia H. Rambo
                                                                    SYLVIA H. RAMBO
                                                                    United States District Judge

Dated: March 13, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY M. WILLIAMS,** : | **CIVIL NO. 1:CV-02-2320** |
| **Plaintiff** : | |
| v. : | |
| **DR. JOSEPH KORT,** : | |
| **SCI-Coal Township;** : | |
| **KAREN OHLER DOE,** : | |
| **SCI-Somerset;** : | |
| **DR. BAKER, SCI-Albion;** : | |
| **and BRADLEY LORAH,** : | |
| **SCI-Coal Township,** : | |
| **Defendants** : | |

# O R D E R

In accordance with the foregoing memorandum of law **IT IS HEREBY ORDERED THAT:**

1) Plaintiff's "Motion for Additional Orders" (Doc. 157) is **DENIED**.

2) Defendants' Motion to Dismiss (Doc. 162) is **GRANTED** and Plaintiff's second amended complaint is **DISMISSED** with prejudice.

3) Any appeal from this order shall be deemed frivolous and not taken in good faith.

4) The Clerk of Court shall close the case file.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: March 13, 2006.