IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY M. WILLIAMS,** | : CIVIL NO. 1:CV-02-2320 |
| **Plaintiff** | : |
| v. | : |
| **DR. JOSEPH KORT,** SCI-Coal Township; **KAREN OHLER,** SCI-Somerset; **DR. BAKER,** SCI-Albion; and **BRADLEY LORAH,** SCI-Coal Township, | : |
| **Defendants** | : |

## MEMORANDUM AND ORDER

### I. Background[1]

On April 7, 2005, the Medical Defendants filed a praecipe for entry of judgment of non pros pursuant to Pennsylvania Rule of Civil Procedure 1042.6 on the grounds that Plaintiff had asserted a professional liability claim and had not submitted a certificate of merit within the time required by Pennsylvania Rule of Civil Procedure 1042.6 3. By order dated April 15, 2005, this court denied the praecipe but did order Plaintiff to file an expert report in support of his medical malpractice claim within 60 days. The April 15, 2005 order further stated that failure to file the expert report within that time would result in automatic dismissal of the supplemental state law malpractice claim.

Plaintiff requested and was granted several extensions of time within which to file the required expert report. Nonetheless, he failed to file a report. In the meantime, this court attempted to obtain representation for Plaintiff through the

---

[1]The procedural history in this memorandum pertains only to the issue addressed on the remand.

Middle District of Pennsylvania Chapter of the Federal Bar Association *Pro Bono* panel.  After investigation by the panel, this request was refused and, in addition, the panel could not find a supportive expert medical opinion by a volunteer physician of the Pennsylvania Medical Society.

On September 29, 2005 and December 8, 2005, Plaintiff filed two motions each entitled "60(b) Motion" in which he sought to be excused from providing an expert report.  Both motions were denied but Plaintiff was ordered to produce an expert report before February 27, 2006 or his case would be dismissed.  By order dated March 13, 2006, this court dismissed Plaintiff's state law claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute because Plaintiff had still not filed the required expert report.

Plaintiff appealed the dismissal which the court of appeals affirmed in part and vacated in part.  By opinion issued May 7, 2007 and by mandate issued June 15, 2007, the portion of this court's order that dismissed the state law claims pursuant to Rule 41(b) was vacated and the case was remanded so that this court could consider the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 866 (3d Cir. 1984).  By order dated June 26, 2007, the parties were directed to file briefs addressing the *Poulis* factors and their impact on the captioned case.  The parties have complied and the matter is ripe for disposition.

## II. Discussion

In *Poulis*, 747 F.2d at 866, the Third Circuit Court of Appeals identified six factors to be evaluated in determining whether a dismissal for failure to prosecute is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the

party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  *Id.* at 868.

Although the court must balance all the factors, dismissal may be warranted even if not all of the factors are satisfied.  *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

### A.  First Factor: Extent of the Party's Personal Responsibility

Williams, as a *pro se* plaintiff, bears sole responsibility for his failure to comply with the court's order to submit an expert report when he lacks the financial resources to pay an expert.  Legal authority supports such a finding.  Neither the court nor defendants are required to pay for a plaintiff's expert witness.  *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987); *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *Badman v. Stark*, 139 F.R.D. 601, 604-06 (M.D. Pa. 1991).  In this regard, the Third Circuit has explicitly stated that similar "plaintiffs' dilemma in being unable to proceed in [a] damage suit [based on alleged denial of medical treatment] because of the inability to pay for expert witnesses [did] not differ from that of nonprisoner claimants [facing] similar problems."  *Boring*, 833 F.2d at 474.  The Third Circuit further noted that "[n]onprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony" and equated seeking government funding of expert reports to "asking for better treatment than [prisoner plaintiffs'] fellow-citizens who have not been incarcerated but who have at least equal claims for damages."  *Id.*

The *Boring* court reached its conclusion after noting that, although 28 U.S.C. § 1915 authorizes "the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed in forma pauperis," the plaintiffs in *Boring* identified "no statutory authority nor [] any appropriation to which the

courts may look for payment of expert witness fees in civil suits for damages." *Id.*; *see also Tabron*, 6 F.3d at 159; *Badman*, 139 F.R.D. at 604. Similarly, Plaintiff Williams has not identified any statutory basis that would require the court, Defendants, or a third party to fund the expert report.

Moreover, although the court was not required to do so, the court exercised its discretion, 28 U.S.C. § 1915(d); *Tabron*, 6 F.3d at 153, and requested the *Pro Bono* Panel to review Plaintiff's case and his medical records (*see* docs. 117, 123, 128). The *Pro Bono* Panel declined to provide Plaintiff with legal representation or a medical expert (*see* doc. 134). As the court has stated previously (*see* docs. 71, 116, 133), Plaintiff is not constitutionally entitled to an attorney or a medical expert in a civil case. *Tabron*, 6 F.3d at 153. Moreover, "courts have no authority to compel counsel to represent an indigent civil litigant." *Id.* at 157 n.7.

Accordingly, Plaintiff's inability to pay for an expert witness, although unfortunate, is a circumstance for which Plaintiff alone bears responsibility. Thus, Plaintiff bears sole responsibility for failing to provide the required expert report and the first *Poulis* factor weighs in favor of dismissal.

### B. Second Factor: Prejudice to the Adversary

In its May 7, 2007 opinion, the Third Circuit Court of Appeals stated that "[w]e agree with the District Court that expert testimony will be required from Williams if the case goes to trial. *See Mitzelfelt v. Damrin,* 584 A.2d 888, 892 (Pa. 1990). Accordingly, we cannot say it was an abuse of discretion for the District Court to require Williams to submit an expert report prior to trial." (Opinion of Third Circuit Court of Appeals, May 7, 2007, doc. 180, at p. 12.) Failure to provide the expert report prejudices Defendants by impeding their "ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Thus, this factor weighs against Plaintiff.

### C. Third and Fourth Factors: Dilatoriness and Willful or Bad Faith Conduct

Even though Plaintiff has been given more than adequate opportunity to produce his expert report, this court cannot find his actions to be dilatory or willful and intentional. Plaintiff, in the time given, has not been able to afford to retain an expert or find a *pro bono* medical expert in spite of the efforts to that end by this court. These factors do not weigh adversely against Plaintiff.

### D. Fifth Factor: Effectiveness of Other Sanctions

Because Plaintiff is not an attorney, the court cannot impose disciplinary action against him. *See Williams v. Potter*, No. Civ.A.04-1200, 2006 WL 515536, at *2 (W.D. Pa. Feb. 28, 2006). Given Plaintiff's *pro se* status, economic sanctions would not be effective or practical. *See id.*

Arguably, the court could stay the action until Plaintiff accrues sufficient funds in his prisoner account to pay for an expert. Such a delay, however, would be impractical, particularly given that Plaintiff has been unable to amass sufficient funds in the amount of time that has been afforded to him to date. In addition, it would be prejudicial to Defendants, who are professionals, to have this case pending for an unknown period of time as well as the impact a pending law suit might have on their professional reputations. No effective alternative sanctions are available. This factor weighs against Plaintiff.

### E. Sixth Factor: Merits of Plaintiff's Claim

The merits of this case cannot be fairly assessed without an expert report. However, a report from the Chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association's *Pro Bono* panel stated that "with the assistance of a volunteer physician and one of our panel attorneys who is skilled in handling medical merit malpractice claims . . . .[b]ased on that review, our chapter

has decided not to provide a volunteer attorney and assist Plaintiff." (Doc. 134.) Thus there is a presumption that Plaintiff's case may be lacking merit.

### III.      Conclusion

This case cannot proceed and has reached an impasse. Plaintiff's failure to provide an expert report is the direct and sole cause of this impasse. This court is without authority to compel any third party to represent Plaintiff or to provide expert witness services, although a volunteer medical expert did review Plaintiff's case and, as a result, representation was denied.

For these reasons, and in accordance with the foregoing review of the *Poulis* factors, **IT IS HEREBY ORDERED THAT**:

1) The state law claims are dismissed.

2) Any appeal from this order will be deemed frivolous and not taken in good faith.

3) The Clerk of Court shall close the file.

                                            s/Sylvia H. Rambo  
                                            SYLVIA H. RAMBO  
                                            United States District Judge

Dated: July 19, 2007.